UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:20-CV-00021-LLK

GLENN ALLEN CARMON, Jr.                                                PLAINTIFF

v.

ANDREW SAUL, Commissioner of Social Security                        DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Docket Number ("DN") 18 and 19. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 10].

Plaintiff makes three arguments. Because Plaintiff's arguments are unpersuasive and the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Discussion**

The ALJ found that Plaintiff has not been under a disability, as defined in the Social Security Act, through the [December 20, 2018] date of this decision." [DN 9-2 at 24]. The ALJ found that, although he is unable to perform any past relevant work, Plaintiff retains the ability to perform a significant number of unskilled, sedentary jobs in the national economy. *Id.* at 18, 24.

**The ALJ did not err in discounting Dr. Hughes' opinion.**

On April 10, 2018, Plaintiff's treating physician, Robert Hughes, M.D., completed the Attending Physician Restrictions form. [DN 9-21 at 1644]. Among other things, Dr. Hughes found that Plaintiff must elevate his legs while sitting; in an 8-hour workday, he can alternately sit and stand/walk for less than 2 hours; and can rarely or never reach, handle, or finger. *Id.* It is undisputed that Dr. Hughes' findings, if

1

accepted, would preclude the ALJ's finding that Plaintiff can perform sedentary work. The ALJ gave "no weight" Dr. Hughes' findings. [DN 9-2 at 22].

Plaintiff's first argument is that the ALJ erred in discounting Dr. Hughes' opinion. [DN 18 at 10-17]. The argument is unpersuasive for three reasons.

First, the Attending Physician Restriction form completed by Dr. Hughes was a "check-off form of functional limitations that did not cite clinical test results, observations, or other objective findings," and an ALJ "may properly give little weight" to findings on such a form. *Ellars v. Comm'r of Soc. Sec.*, 647 F. App'x 563, 566 (6th Cir. 2016).[1]

Second, Dr. Hughes was emphatic that he was completing the form based on what "patient states" – with that phrase occurring twelve times on the one-page form. "[A] doctor's report that merely repeats the patient's assertions is not credible, objective medical evidence." *Mitchell v. Comm'r*, 330 Fed. App'x 563, 569 (6th Cir. 2009); *see also Tate v. Comm'r*, 467 Fed. App'x 431, 433 (6th Cir. 2012) (finding no error where the ALJ discounted a treating physician's opinion that appeared to be based on Tate's subjective complaints without sufficient support from objective clinical or neurological findings); *Poe v. Comm'r*, 342 Fed. Appx. 149, 156 (6th Cir. 2009) (finding treating physician's opinion not entitled to deference where it was based on Poe's subjective complaints).

Third, the ALJ indicted that the findings of the Commissioner's one-time consultative examiner, William Tidwell, M.D., of "5/5 bilateral grip strength and 5/5 bilateral upper and lower extremity strength" are inconsistent with the extreme manipulative limitations found by Dr. Hughes. [DN 9-2 at 20 referencing DN 9-13 at 882-86].

**The ALJ did not err in finding certain impairments to be non-severe.**

---

[1] Dr. Hughes did indicate that Plaintiff has diagnoses of paresthesia (abnormal sensation) of the skin and type 2 diabetic neuropathy. [DN 9-21 at 1644]. However, "[t]he mere diagnosis of [an impairment] … says nothing about the severity of the condition." *Lee v. Comm'r*, 529 F. App'x 706, 713 (6th Cir. 2013).

The ALJ found that Plaintiff "has the following severe [or vocationally significant] impairments: degenerative disc disease of the lumbar spine, diabetes mellitus II with neuropathy, hearing loss, obesity and headaches." [DN 9-2 at 15]. The ALJ found Plaintiff's obstructive sleep apnea ("OSA") and Barrett's esophagus to be "non-severe impairments" and found that Plaintiff's affective disorder "does not cause more than minimal limitation in [his] ability to perform basic mental work activities and is therefore non-severe." *Id.*

Plaintiff's second argument is that the ALJ erred in finding his OSA, Barrett's esophagus, and affective disorder to be non-severe. [DN 18 at 9-10]. The argument is unpersuasive.

With respect to his sleep apnea, Plaintiff relies on his own subjective statements at the administrative hearing. [DN 9 at 9]. However, the ALJ determined that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." [DN 9-2 at 18-19]. Additionally, the ALJ explained that the administrative record shows that Plaintiff is doing well on his continuous positive airway pressure ("CPAP") therapy. *Id.* at 15. With respect to Plaintiff's Barrett's esophagus, the ALJ explained that the record shows that, since 2015, Plaintiff has received treatment with Omeprazole 40 mg and Ranitidine 300 mg, and this treatment regimen has controlled this impairment. *Id.* With respect to Plaintiff's affective disorder, the ALJ gave "great weight" to the opinions of the Commissioner's one-time and program psychologists, Drs. Kerrick, Vandivier, and Bornstein, that indicated Plaintiff has no severe mental impairment. *Id.* at 15-6, 21-22.

**The ALJ acted within her zone of choice in finding that Plaintiff can perform a limited range of sedentary work.**

The ALJ found that, despite his impairments, Plaintiff is able to perform a limited range of sedentary work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except he can lift and carry up to fifteen pounds occasionally and less than ten pounds frequently. He

> can stand and/or walk for up to two hours in an eight-hour workday; and sit for up to six hours with normal breaks with the ability to change positions without being off task or leaving the workstation. He can never climb ladders, ropes, or scaffolds. He can frequently climb ramps and stairs, stoop, kneel, crouch, and crawl. He is able to use an assistive device as needed.[2] He can occasionally be exposed to loud noise. He can never exposed to unprotected heights or dangerous machinery.

[DN 9-2 at 18]. In so finding, the ALJ considered the medical and nonmedical evidence as a whole and gave "some weight" to the findings of the Commissioner's one-time consultative examiner, William Tidwell, M.D., and "significant weight" to the Commissioner's program physician, Allen Dawson, M.D. [DN 9-2 at 22 referencing DN 9-3 at 111; DN 9-13 at 882-86].[3]

Plaintiff's third argument is that ALJ's finding that he can perform a limited range of sedentary work is not supported by substantial evidence. [DN 18 at 1-10]. The argument is unpersuasive.

Besides Dr. Hughes' completion of the Attending Physician Restriction form (discussed above), Plaintiff cites no medical opinion regarding what he can still do despite his impairments – much less one that precludes performance of a limited range of sedentary work. Plaintiff discusses raw medical findings. However, neither Plaintiff nor this Court is "qualified to interpret raw medical data in functional terms." *Rudd v. Comm'r*, 531 F. App'x 719, 726 (6th Cir. 2013); *see also Lee v. Comm'r*, 529 F. App'x 706, 713 (6th Cir. 2013) ("The mere diagnosis of [an impairment] ... says nothing about the severity of the condition.").

The ALJ repeatedly states that Plaintiff's diabetic neuropathy remains "stable with his treatment regimen." [DN 9-2 at 19, 20, 23]. According to Plaintiff, his hand neuropathy is "stable" only in the sense that "it is a constant limiting condition that he does not get relief from." [DN 18 at 2]. Plaintiff makes a

---

[2] While the ALJ found that Plaintiff must "use an assistive device as needed," [9-2 at 18], this limitation was not given to the vocational expert ("VE"). However, upon cross-examination, Plaintiff asked whether the identified "jobs accommodate for the use of a cane," and the VE responded that "[t]he DOT [Dictionary of Occupational Titles] does not address the use of an ambulatory device, so this is based upon my experience, and the use of a cane would not preclude sedentary level employment." *Id.* at 74.

[3] Apparently, Dr. Dawson reviewed five pages of medical records from a claimant other than Plaintiff, and those pages were later struck from the administrative record because they pertained to a different person. [DN 9-7 at 363-67]. The errant pages included clinical findings that supported the presence of numbness and tingling in the upper extremities, but this apparently did not influence Dr. Dawson, who opined that Plaintiff has no manipulative limitations. [DN 9-3 at 108].

valid point that the stability of his hand neuropathy does not necessarily mean that he can reach, handle, and finger sufficiently to perform sedentary work.[4]  *Id.* at 12-13; *but see Eddy v. Comm'r*, 506 F. App'x 508, 509 (6th Cir. 2012) (finding ALJ properly considered that treatment had stabilized or improved Eddy's condition).

Nevertheless, this imperfection does not alter the fact that the ultimate "burden lies with the claimant to prove that [he] is disabled," including submission of a medical opinion regarding what he can still do despite his impairments.  *Ferguson v. Comm'r*, 628 F.3d 269, 275 (6th Cir. 2010); *see also Kornecky v. Comm'r*, 167 F. App'x 496, 507 (6th Cir. 2006) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result.").

As discussed above (in connection with his first argument), Plaintiff's submission of Dr. Hughes' Attending Physician Restrictions form was insufficient to establish his disability claim.  At best, Plaintiff shows that substantial evidence (supported the ALJ's finding but also) would have supported a finding of additional limitations.  However, the substantial-evidence standard, which governs judicial review, "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts."  *Blakley v. Comm'r*, 581 F.3d 399, 406 (6th Cir. 2009).

**Order**

Because Plaintiff's arguments are unpersuasive and the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence, the Commissioner's final decision is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

February 9, 2021

**Lanny King, Magistrate Judge**
**United States District Court**

---

[4] "Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions." Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *5.  "Many unskilled light jobs … require use of arms and hands to grasp and to hold and turn objects, and they generally do not require use of the fingers for fine activities to the extent required in much sedentary work."  *Id.* at *6.